IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 27 PM 4: 39

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | X X X | |
|     Plaintiff, | X X | |
| vs. | X X | Cr. No. 02-20177-D |
| | X X | |
| CAROL LYNN ROBINSON a/k/a LYNN ROBINSON a/k/a CAROL LYNN EDWARDS, | X X X | |
|     Defendant. | X X X | |

---

## ORDER DENYING IRREGULAR MOTION

On July 2, 2004, defendant Carol Lynn Robinson a/k/a Lynn Robinson a/k/a Carol Lynn Edwards, Bureau of Prisons inmate registration number 18413-076, who was, at the time she filed this motion, an inmate at the Federal Correctional Institution in Danbury, Connecticut,[1] filed an irregular pro se motion in her closed criminal case seeking modification of her order of restitution.

Robinson was a defendant in two criminal cases in this district. On May 21, 2002, a federal grand jury returned a nine-count indictment in case 02-20177, charging Robinson with nine counts of making false, fictitious, and fraudulent claims in violation of 18 U.S.C. §§ 287 and 2. The case proceeded to trial

---

[1] According to the BOP's website, defendant was released on May 11, 2005. She has not provided the Court with a forwarding address.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 10-28-05

124

before the Honorable Samuel H. Mays, Jr. on April 7, 2003, and the jury returned a guilty verdict on counts 1 through 8 on April 10, 2003.[2] This judge conducted a sentencing hearing on September 16, 2003, at which time Robinson was sentenced to concurrent terms of eighteen (18) months imprisonment on each count, to be followed by a two-year period of supervised release. The Court also imposed restitution in the amount of $3684. Judgment was entered on September 26, 2003. Robinson filed an appeal which was ultimately voluntarily dismissed on August 23, 2004. United States v. Robinson, No. 03-6306.

On May 21, 2002, a federal grand jury returned a three-count indictment in case 02-20178, charging Robinson with three counts of false or fraudulent use of a Social Security number in violation of 42 U.S.C. § 408(a)(7)(B). The case proceeded to trial before this judge on January 7, 2003, and the jury returned a guilty verdict on all counts on January 7, 2003. This judge conducted a sentencing hearing on September 16, 2003, at which time Robinson was sentenced to concurrent terms of eighteen (18) months imprisonment on each count, to run concurrent with the sentence imposed in case 02-20177, to be followed by a two-year period of supervised release. The Court also imposed restitution in the amount of $3684. Judgment was entered on September 26, 2003. As previously noted, Robinson's direct appeal was voluntarily dismissed on August 23, 2004. United States v. Robinson, No. 03-6307.

---

[2]   Earlier in the trial count 9 was dismissed on motion of the Government.

On July 2, 2004, prior to dismissing the direct appeals, Robinson filed a § 2255 motion which was summarily dismissed due to the pending appeals under <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1124 (6th Cir. 1998). <u>See</u> <u>United States v. Robinson</u>, No. 04-2494-D/P (W.D. Tenn. July 28, 2004).

The defendant filed this motion contending that the Court erred in calculating the amount of restitution and by ignoring evidence of her indigence. However, the defendant has cited no authority that would permit this Court to modify the amount of restitution imposed. Eighteen U.S.C. § 3664(o) provides as follows:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1)   such a sentence can subsequently be—
>
>> (A)   corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>>
>> (B)   appealed and modified under section 3742;
>>
>> (C)   amended under subsection (d)(5); or
>>
>> (D)   adjusted under section 3664(k), 3572, or 3613A; or
>
> (2)   the defendant may be resentenced under section 3565 or 3614.

None of these provisions is applicable here. Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to correct a clear error, but only within seven days after sentencing. Defendant did not raise the amount of the restitution order on direct appeal,

3

as authorized by 18 U.S.C. § 3742.[3]  Eighteen U.S.C. § 3664(d)(5) is plainly inapplicable here, since that provision only permits victims to petition for an amendment to the restitution order if additional losses are discovered.  Eighteen U.S.C. § 3664(k), which permits a defendant to petition for a modification of a restitution order, but only on the ground of a change in his financial circumstances, is also not applicable.  Finally, 18 U.S.C. §§ 3572 and 3613A do not permit a court to modify the amount of restitution imposed on the ground that the amount awarded in the judgment overstates the loss.  Accordingly, the Court DENIES defendant's motion to modify the amount of restitution imposed.

IT IS SO ORDERED this 27th day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[3]     To the extent the issue was raised, it was not addressed due to the defendant's voluntary dismissal of the appeal.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 124 in case 2:02-CR-20177 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

Stephen R. Leffler
LEFFLER LAW OFFICE
707 Adams Ave.
Memphis, TN 38105

Vivian R. Donelson
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Carol Lynn Robinson
FCI
18413-076
33 1/2 Pembroke Station
Rt 37
Danbury, CT 06811--309

Honorable Bernice Donald
US DISTRICT COURT